Case 1:12-cv-03307-CBA-LB   Document 33   Filed 08/26/13   Page 1 of 5 PageID #: 160

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 26 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WILLIAM REESE,

                    Plaintiff,

- against -

APPROVED FUNDING CORPORATION and
NS FAMOUS CONSTRUCTION,

                    Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-CV-3307 (CBA) (LB)

AMON, Chief United States District Judge.

    Plaintiff William Reese filed this *pro se* action pursuant to N.Y. Banking Law, Article 12D, §§ 590-b and 595-c[1] against Approved Funding Corporation ("Approved") and NS Famous Construction ("NS Famous"). Approved and NS Famous move to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). NS Famous additionally moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the case is dismissed.

## BACKGROUND

    The following facts are taken from plaintiff's amended complaint. In May 2006, plaintiff was looking for a loan to finance renovations on his property located in Brooklyn, New York. (Am. Compl. ¶ 1.) Plaintiff's contractor, NS Famous, referred him to David Kirschenbaum of Approved for financing. (Id.) In July 2006, plaintiff secured a loan brokered by Approved. (Id. ¶ 3.)

---

[1] Plaintiff's amended complaint states that he is bringing a claim under N.Y. Banking Law § 590(c)(1)(2), labeling it a "[r]egulation prohibiting referrals, solicitation, etc. by mortgage brokers and constructions contractors." (DE 15, Am. Compl. at 2.) Section 590, however, deals with licensing, and it appears that plaintiff intended to bring his claim under § 595-c, subsections (1) and (2), which regulate dealings between mortgage brokers and home improvement contractors.

1

During the course of renovations, plaintiff noticed numerous violations of the New York City building code, even though NS Famous had agreed to comply with such regulations. (Id. ¶¶ 2, 4.) In November 2006, plaintiff fired NS Famous for sub-standard work. (Id. ¶ 5.) Plaintiff also filed a complaint with the Department of Consumer Affairs. (Id. ¶ 6.) He alleges that the Department failed to properly investigate NS Famous. (Id.) Plaintiff claims that as a result of defendants' actions, he is now in debt and does not have enough money to complete the renovations. (Id. ¶ 7.)

Based on these allegations, the plaintiff asserts claims under N.Y. Banking Law § 590(b), which states that a mortgage broker must "act in the borrower's interest," and under § 595c-(1) and (2), which bars home improvement contractors from arranging for the services of a mortgage broker while soliciting home improvement contracts or receiving anything of value from a mortgage broker for the referral of a borrower to a mortgage broker. Defendants Approved and NS Famous move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and NS Famous also moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

The Court will construe both Approved's and NS Famous's motions as motions for judgment on the pleadings pursuant to Rule 12(c). This is because both parties filed an answer to plaintiff's complaint, and any motion made under Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Where a motion to dismiss for failure to state a claim is filed after the close of pleadings, the court should construe such motion as one for judgment on the pleadings under Rule 12(c). Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). The Court will consider whether it has subject matter jurisdiction pursuant to Rule 12(h)(3).

2

**DISCUSSION**

I.  **Standards of Review**

   A.  Rule 12(h)(3)

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Rule 12(h)(3) motions are subject to the same standard as motions brought pursuant to Rule 12(b)(1)." Peterson v. Cont'l Airlines, Inc., 970 F. Supp. 246, 248-49 (S.D.N.Y. 1997). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The party "asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id.

   B.  Rule 12(c)

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel, 259 F.3d at 126. "In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." Id. To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When a plaintiff does not allege enough facts to "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570.

3

C.  Pro Se Litigants

When the plaintiff is *pro se*, the court must construe the complaint "liberally, even as [it] examine[s] such complaints for factual allegations sufficient to meet the plausibility requirement." Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011). It is well established that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Barry v. U.S. S.E.C., No. 10-CV-4071 CBA, 2012 WL 760456, at *2 (E.D.N.Y. Mar. 7, 2012) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

**II.  Subject Matter Jurisdiction**

There is no discernible ground for federal jurisdiction in this case.[2] In his amended complaint, plaintiff states violations of only New York state laws. (DE 15, Amended Compl.) Thus, the Court lacks federal question jurisdiction under 28 U.S.C. § 1331. Diversity jurisdiction under 28 U.S.C. § 1332 is also unavailable, as plaintiff has listed New York addresses for himself and both defendants in both of his complaints. Both Approved and NS Famous have admitted these allegations as true in their answers. (See DE 1, Original Compl. at 1; DE 15, Am. Compl. at 1; DE 5, Approved Ans. ¶ 1; DE 11, NS Famous Ans. ¶ 1.) E.g., Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) ("The current general-diversity statute . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of

---

[2] The Court notes that in his original complaint, plaintiff adverted to the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, "in regards to variable rate mortgage." (DE 1, Original Compl. at 2.) He did not make reference to the TILA in his amended complaint. Even were the Court to consider this claim, plaintiff would be unable to state a plausible federal claim for relief. The TILA imposes disclosure requirements on "creditors," defined in 15 U.S.C. § 1602(g). Many courts have concluded that mortgage brokers do not fall within the Act's definition of a "creditor" and thus the provisions of the Act are inapplicable to mortgage brokers. See, e.g., Nelson v. JPMorgan Chase Bank, N.A., 707 F. Supp. 2d 309, 315 (E.D.N.Y. 2009); Iannuzzi v. Washington Mut. Bank, No. 07-CV-964 JFB (WDW), 2008 WL 3978189, at *8 (E.D.N.Y. Aug. 21, 2008) (collecting cases); Viernes v. Executive Mortgage, Inc., 372 F. Supp. 2d 576, 583 (D. Haw. 2004). According to plaintiff's own allegations, Approved Funding acted as a broker in the transaction. He alleges in his amended complaint that he secured a loan "brokered by Approved Funding Corp." (DE 15, Am. Compl. ¶ 3.) Further, the state laws that plaintiff claims were violated in this case, N.Y. Banking Law §§ 590-b and 595-c, both regulate mortgage brokers. Thus, plaintiff fails to allege any facts that would establish that either defendant is a "creditor" under the Act.

4

each defendant."). Accordingly, the case is dismissed pursuant to Fed .R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is granted, and the complaint is dismissed in its entirety. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, N.Y.
August 26, 2013

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge